**FILED**

**August 2, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 3:44 PM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | | |
|---|---|---|
| **BENJAMIN BROWN,** | ) | **Docket No.: 2017-03-0290** |
| **Employee,** | ) | |
| **v.** | ) | |
| **SOLIDEAL USA, INC.,** | ) | **State File No.: 21548-2015** |
| **Employer,** | ) | |
| **And** | ) | |
| **TRUMBULL INSURANCE CO.,** | ) | **Judge Pamela B. Johnson** |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER DENYING BENEFITS

This matter came before the undersigned Workers' Compensation Judge on June 28, 2017, for an Expedited Hearing. The central legal issue is whether Benjamin Brown demonstrated he is likely to prevail at a hearing on the merits that his injury arose primarily out of and in the course and scope of his employment with Solideal USA, Inc., and, if so, whether Mr. Brown is entitled to medical and temporary disability benefits. For the reasons set forth below, the Court holds Mr. Brown did not carry his burden of proof. Thus, the Court denies his claim for benefits at this time.

### History of Claim

Mr. Brown worked for Solideal as a welder and required to lift heavy materials. In February 2015, he began experiencing discomfort in his left shoulder when he heard a pop while lifting materials from the floor to put them in a blaster. He continued working, but his shoulder pain persisted. He reported his complaints to Jeff Vance and asked for treatment, stating, "I [was] out there lifting and something popped and it been hurting . . . on and off." Mr. Vance took down the report, and Mr. Brown returned to work. The next day, he again asked Mr. Vance for treatment. Mr. Vance responded that he was waiting to hear from Solideal's headquarters. After hearing nothing for two or three weeks, Mr. Brown called the "Department of Labor" for assistance. After speaking with a representative from the "Department of Labor," one week later Solideal sent Mr. Brown

1

to Park Med Urgent Care.[1]

Mr. Brown went to Park Med for authorized care on March 17, 2015. He saw Dr. Brent Webb for complaints of left shoulder pain that began while lifting a truck tire at work on February 3, 2015. Dr. Webb diagnosed a left shoulder strain and assigned restrictions.[2] Mr. Brown remained under the care of Dr. Webb through April 10, 2015, with complaints of worsening pain in the left shoulder with use. Dr. Webb noted that Mr. Brown was not progressing with physical therapy and referred him for an MRI. Dr. Webb also continued Mr. Brown's restrictions.[3] *See generally* Ex. 4.

Mr. Brown later came under the authorized care of Dr. G. B. Holloway, an orthopedic physician, on May 13, 2015. Dr. Holloway noted a history of left shoulder pain for eight months, which Mr. Brown related to lifting and repetitive motion at work. Dr. Holloway diagnosed left shoulder pain and rotator cuff tendinitis with a possible rotator cuff tear. Dr. Holloway continued restricted duty and recommended a CT arthrogram to determine whether Mr. Brown had a torn rotator cuff and to further determine the age of the tear. Mr. Brown underwent the CT arthrogram (Ex. 6.) and returned to Dr. Holloway to discuss the results. Dr. Holloway diagnosed left shoulder adhesive capsulitis and informed Mr. Brown that he was developing early arthritic changes with stiffness in his shoulder. Dr. Holloway further noted that Mr. Brown's current problem was neither a workers' compensation injury nor more than fifty percent related to the work injury. Dr. Holloway placed Mr. Brown at maximum medical improvement (MMI) without permanent impairment on July 8, 2015, and released him to return to his normal work duties. Solideal did not provide further authorized care after Dr. Holloway placed Mr. Brown at MMI. *See generally* Ex. 5.

Throughout his treatment with Drs. Webb and Holloway, Mr. Brown continued working at Solideal. However, Solideal reduced Mr. Brown's hours, so he started looking for another job and resigned from Solideal. (Ex. 8.) He worked for another

---

[1] The First Report of Work Injury lists a date of injury of March 17, 2015. (Ex. 2.) Mr. Brown explained that Mr. Vance used the date Mr. Brown first received treatment at Park Med Urgent Care. Mr. Brown filed three different Petitions for Benefit Determination (PBDs) in this matter. The first PBD (March 14, 2017) listed a date of injury of March 17, 2015. The second PBD (March 15, 2017) listed the same date of injury but corrected the carrier and adjuster's name. The third PBD (May 8, 2017) listed a date of injury of February 3, 2015, and noted Mr. Brown received treatment on March 17, 2015.

[2] The Park Med records list DOIs (dates of injury) as both February 3, 2015, and March 3, 2015, with an initial visit date of March 17, 2015. (Ex. 4.)

[3] Solideal's carrier issued a Notice of Denial of Claim for Compensation on April 30, 2015. Solideal denied the claim, stating Mr. Brown's injury occurred prior to the date the injury reported. The carrier further stated that Solideal had a different carrier for the original date of injury and claimed no coverage. (Ex. 3.)

employer for approximately one year, limiting the use of his left shoulder. Once he built up time at his subsequent employer and due to ongoing shoulder pain, he sought additional treatment from Dr. Paul Brady. Dr. Brady evaluated Mr. Brown, ordered another CT arthrogram, and recommended shoulder surgery, which Dr. Brady performed on March 2, 2017. (Ex. 7.) Post-surgery, Mr. Brown completed physical therapy.[4] At present, Mr. Brown is scheduled to return to Dr. Brady in August 2017, and he is not currently working.

During the Expedited Hearing, Mr. Brown asserted he is entitled to medical and temporary disability benefits for his left shoulder injury, which arose primarily out of and in the course and scope of his employment at Solideal. Mr. Brown further inferred that he did not discover that he still suffered from a work-related injury until he saw Dr. Brady, who performed surgery on March 2, 2017. In response, Solideal moved for an involuntary dismissal at the close of Mr. Brown's proof. Solideal argued Mr. Brown is not entitled to benefits on the basis that his claim is time-barred by the statute of limitations and/or that Mr. Brown failed to introduce medical evidence to rebut the presumption of correctness afforded the authorized treating physician's (ATP) opinion that Mr. Brown's left shoulder injury was not related to the employment.

## Motion for Involuntary Dismissal

Solideal moved for a directed verdict at the close of Mr. Brown's proof. This Court took Solideal's motion under advisement. Rule 50.01 of the Tennessee Rules of Civil Procedure (2016) governs a motion for directed verdict for cases involving trials by jury. In nonjury cases, a motion for involuntary dismissal is permissible and governed by Rule 41.02(2). An involuntary dismissal is often referred to as a "directed verdict" even in nonjury cases.

At this stage in the litigation, the Expedited Hearing results in an Expedited Hearing Order, or an interlocutory order, which is not a final order. *See* Tenn. Code Ann. § 50-6-239(d)(3) (2016). Interlocutory orders are subject to modification at any time prior to the Compensation Hearing. *Id.* For this reason, this Court concludes that an involuntary dismissal of Mr. Brown's case is not proper and denies Solideal's motion.

## Findings of Fact and Conclusions of Law

The following legal principles govern the Court's analysis. Mr. Brown bears the burden of proving all essential elements of his claim by a preponderance of the evidence in order to prevail. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). At an Expedited Hearing, however, his burden of

---

[4] Mr. Brown introduced no records from Dr. Brady with the exception of a February 10, 2017 CT scan, preoperative patient instructions, and images from the March 2, 2017 surgery.

3

proof requires him only to come forward with sufficient evidence from which this Court can determine that he is likely to prevail at a hearing on the merits. *See McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015). This lesser evidentiary standard does not relieve Mr. Brown of the burden of producing evidence of an injury by accident arising primarily out of and in the course and scope of employment at an Expedited Hearing, but "allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Sept. 29, 2015).

With the above principles in mind, the Court must first determine whether Mr. Brown came forward with sufficient evidence demonstrating that he timely filed his claim. Then, applying the same lower burden of proof, the Court must determine whether Mr. Brown's injury arose primarily out of and in the course and scope of his employment.

Addressing the applicable statute of limitations, the Workers' Compensation Law provides:

> In those instances when the employer has voluntarily paid workers' compensation benefits, within one (1) year following the accident resulting in injury, the right to compensation is forever barred, unless a petition for benefit determination is filed with the bureau . . . within one (1) year form the latter of the date of the last authorized treatment or the time the employer ceased to make payments of compensation to or on behalf of the employee.

Tenn. Code Ann. § 50-6-203(b)(2) (2016).

Here, Mr. Brown reported a February 2015 work incident, and Solideal provided authorized treatment with Dr. Holloway. The last authorized visit paid by Solideal occurred on July 8, 2015. Mr. Brown filed his first Petition for Benefit Determination on March 14, 2017. Mr. Brown did not introduce the office notes from his treatment with Dr. Brady. Without a medical opinion supporting Mr. Brown's claim that he did not discover he had an injury causally-related to his employment until Dr. Brady performed surgery, the Court must conclude that Mr. Brown failed to satisfy his burden of proof that his claim was timely.

The Court likewise concludes that Mr. Brown failed to demonstrate that his injury arose primarily out of and in the course and scope of employment. An injury arises primarily out of and in the course and scope of employment if it is caused by a specific incident, or set of incidents, identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(14). Further, an injury arises primarily out of and in the course and scope of employment only if it has been shown by a preponderance of the evidence that

4

the employment contributed more than fifty percent in causing the injury, considering all causes. *Id.*

Once it is determined that a compensable injury occurred as defined by the Workers' Compensation Law, the employer has the right to control medical treatment so long as the employer complies with the requirements of Tennessee Code Annotated section 50-6-204. *See, e.g., Banks v. UPS, Inc.*, 170 S.W.3d 556, 562 (Tenn. 2005). When an employer offers the employee a panel of physicians in accordance with the statute, the selected physician is designated the "treating physician," and that physician's opinion on causation is entitled to a rebuttable presumption of correctness. Tenn. Code Ann. § 50-6-102(14)(E).

As indicated above, Mr. Brown reported a February 2015 work incident and received authorized treatment with Dr. Holloway, who concluded Mr. Brown's condition was not work-related or more than fifty percent caused by his employment.[5] Although Dr. Brady subsequently treated Mr. Brown and performed surgery, Mr. Brown neither introduced the office notes from his treatment with Dr. Brady nor introduced any opinion from Dr. Brady as to the causal relationship of Mr. Brown's injury and need for treatment to the employment. Without a medical opinion linking the injury and need for treatment to the employment, Mr. Brown failed to demonstrate he is likely to prevail at a hearing on the merits that his injury arose primarily out of and in the course and scope of his employment.

Therefore, as a matter of law, this Court holds that Mr. Brown failed to satisfy his burden of proof, and denies his request for benefits at this time.

**Referral to Penalty Unit**

The Workers' Compensation Law sets forth certain obligations borne by the parties. One such obligation requires employers to timely provide a panel of physicians to injured employees who come forward with evidence of having sustained a work-related injury. *See* Tenn. Code Ann. § 50-6-204 and Tenn. Comp. R. & Regs. 0800-02-01-.25 (March, 2015). In February 2015, Mr. Brown reported his shoulder complaints to Mr. Vance, who took down the report. The next day, Mr. Brown again asked Mr. Vance for treatment. Mr. Vance responded that he was waiting to hear from Solideal's headquarters. After hearing nothing for two or three weeks, Mr. Brown called the "Department of Labor" for assistance. After speaking with a representative from the "Department of Labor," one week later Solideal sent Mr. Brown to Park Med Urgent Care.

---

[5] The record is not clear whether Solideal provided a panel of physicians to Mr. Brown from which he selected Dr. Holloway.

In light of the one-month delay in the provision of medical treatment and possible failure to provide a panel of physicians, the Court refers Solideal to the Penalty Unit for investigation and possible penalty assessment. *See* Tenn. Comp. R. & Regs. 0800-02-24-.03 (2015); *see also Berdnik v. Fairfield Glade Comm. Club, et al.* 2017 TN Wrk. Comp. App. Bd. LEXIS 32, *18-19 (May 18, 2017).

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Brown's claim against Solideal USA, Inc. and its workers' compensation carrier for the requested workers' compensation benefits is denied at this time.

2. Solideal is referred to the Penalty Unit for investigation and possible penalty assessment.

3. This matter is set for a Scheduling Hearing on **September 1, 2017**, at **9:30 a.m. Eastern Time**. The parties must call (865) 594-0091 or (toll-free) (855) 543-5041 to participate in the Scheduling Hearing. Failure to appear by telephone may result in a determination of the issues without your further participation.

**ENTERED this the 2nd day of August, 2017.**

**PAMELA B. JOHNSON, Judge**
Court of Workers' Compensation Claims

### APPENDIX

Technical Record:
1. Petition for Benefit Determination, March 14, 2017
2. Petition for Benefit Determination, March 15, 2017
3. Petition for Benefit Determination, May 8, 2017
4. Mediation Statement, May 11, 2017
5. Dispute Certification Notice, May 11, 2017
6. Request for Expedited Hearing

The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

Exhibits:
1. Affidavit

6

2. First Report of Work Injury
3. Notice of Denial of Claim for Compensation, Form C-23
4. Medical Records of Park Med Urgent Care Center
5. Medical Records of Knoxville Orthopedic Clinic (Dr. Holloway)
6. Medical Records of Abercrombie Radiology
7. Medical Records of Parkwest Medical Center (Dr. Brady)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 2nd day of August, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Benjamin Brown, Self-Represented Employee | X | | X | 1126 Burning Tree Lane Knoxville, TN 37923 Benjaminbrown6520@yahoo.com |
| Joseph Ballard, Employer's Attorney | | | X | Joseph.ballard@thehartford.com |

PENNY SHRUM, Court Clerk
WC.CourtClerk@tn.gov

7